```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA

TANYA ORLIW                      :          CIVIL ACTION
                                 :
          v.                     :
                                 :
BOROUGH OF WEST CONSHOHOCKEN,    :          NO. 23-3952
et al.                           :
```

<u>MEMORANDUM</u>

Bartle, J.                                      July 23, 2024

Plaintiff Tanya Orliw, a part-time police officer with the West Conshohocken Police Department, was terminated from her position on May 18, 2022. She alleges, pursuant to 42 U.S.C. § 1983, that defendants Borough of West Conshohocken and the West Conshohocken Police Department violated her Fourteenth Amendment right to procedural due process by failing to hold a hearing prior to her termination.

Before the court is the motion of defendants for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure (Doc. # 19).

I

Under Rule 56, summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986). A dispute is genuine if the evidence is such that a reasonable factfinder could return a verdict for the nonmoving party. <u>See</u> <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 254

(1986).  The court must draw all inferences in favor of the nonmoving party.  See In re Flat Glass Antitrust Litig., 385 F.3d 350, 357 (3d Cir. 2004).

Summary judgment is granted when there is insufficient evidence in the record for a reasonable factfinder to find for the nonmovant.  See Anderson, 477 U.S. at 252.  "The mere existence of a scintilla of evidence in support of the [nonmoving party]'s position will be insufficient; there must be evidence on which the jury could reasonably find for [that party]."  Id.  In addition, Rule 56(e)(2) provides that "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for the purposes of the motion."  Fed. R. Civ. P. 56(e)(2).

## II

The following facts are undisputed.

Tanya Orliw was a part-time police officer with the West Conshohocken Police Department from 2011 through 2013 and again from 2017 until she was terminated in 2022.  In 2012 and 2013, she also worked as a part-time police officer in two other municipalities.  Starting in 2017, plaintiff was employed full-time in pharmaceutical sales while continuing with her part-time position with the West Conshohocken Police Department.

-2-

Part-time police officers with the West Conshohocken Police Department such as plaintiff are paid on an hourly basis and do not receive benefits.  Such officers pick shifts based on their availability.  While plaintiff was a part-time police officer, such officers were notified of these shifts through both an online portal called PlanIt as well as a group text message sent by a supervisor.  All officers are required to maintain access to the Police Department email address and complete training assignments through Police One Academy, a program maintained by the Department.

On May 18, 2022, Salvatore Carfagno, Interim Chief of Police, sent plaintiff a letter notifying her of her immediate termination.  The letter provided multiple reasons for plaintiff's dismissal:

> (1) her failure to provide her availability and "unwillingness to accept shift responsibilities";
> (2) her declination of numerous requests to work shifts on a regular basis;
> (3) her failure to access her West Conshohocken Police Department email address;
> (4) her failure to complete Police One Academy online training assignments; and
> (5) her failure to meet the training requirements to wear the mandatory assigned Department Body Worn Cameras.

Plaintiff was not provided with a hearing or any right to appeal the decision terminating her.

III

The West Conshohocken Police Department first argues that, as an administrative arm of the Borough of West Conshohocken, it is not a separate entity and cannot be a party to a Section 1983 action.  In Section 1983 actions, administrative arms of local municipalities are not separate legal entities, and therefore cannot be sued in conjunction with the municipalities of which they are a part.  See DeBellis v. Kulp, 166 F. Supp. 2d 255, 264 (E.D. Pa. 2001); see also Padilla v. Twp. Of Cherry Hill, 110 F. App'x 272, 278 (3d Cir. 2004).

Under the Pennsylvania Borough Code, the power of a borough to create a police department is vested in the borough council and once created, the mayor has "full charge and control" of the police department.  See 8 Pa. Cons. Stat. §§ 1121, 1123.1(a).  The Police Department is merely a function and responsibility of, and thus an administrative arm of, the borough government.  The police department is not a separate entity that can be sued.  The motion of the West Conshohocken Police Department for summary judgment will be granted.

IV

To prove that the Borough of West Conshohocken has violated plaintiff's procedural due process rights, she must first establish that she had a property interest in her job, and if so, that the procedures available to her did not provide her

-4-

with due process.  Robb v. City of Philadelphia, 733 F.2d 286, 292 (3d Cir. 1984).  A federally protected property interest is not created by the Constitution but rather by an independent source such as state law.  Bd. of Regents of State Colls. v. Roth, 408 U.S. 564, 577-78 (1972).  Plaintiff relies on both the Pennsylvania Borough Code and the Borough of West Conshohocken Code of Ordinances[1] to establish that she has a property interest in her position as a part-time police officer.

The Pennsylvania Borough Code states that a police force is composed of members who "devote their normal working hours to police duty or duty in connection with the bureau, agencies and services connected with police protection work and who are paid a stated salary or compensation for the work by the borough."  8 Pa. Cons. Stat. § 1170 (emphasis added).  For those employees that devote their normal working hours to police duty, the Borough Code outlines civil service protections regarding termination applicable to boroughs, such as West Conshohocken, with at least three members in their police force.  These protections do not apply to boroughs with police forces with fewer than three members.

The Borough maintains that plaintiff, as a part-time police officer, did not devote her normal working hours to

---

1.   The Borough of West Conshohocken Code of Ordinances is available at http://westconshohocken-pa.elaws.us/code/coor.

police duty and therefore did not have a property interest in
her employment under the Pennsylvania Borough Code.  Plaintiff
counters that she was entitled to the procedural protections
afforded therein because she performed the "exact same police
work as full-time members" of the force.

     Under Pennsylvania law, the process of determining
whether an employee is one that "devotes his or her normal
working hours to police duty" under the Borough Code is the same
as determining whether an employee is a police officer under the
Police Tenure Act, 53 Pa. Stat. §§ 811-16.  The two laws are to
be read in pari materia, that is construed together.  DeForte,
212 A.3d at 1026.  The Police Tenure Act, which applies to
townships of the second class and boroughs and townships of the
first class with police forces of fewer than three members,
protects any person employed as a "regular full-time police
officer" from removal for reasons not identified in the statute.
53 Pa. Stat. §§ 811-12.

     The leading case on the procedural protections
afforded to police officers is Petras v. Union Township, 187
A.2d 171, 174 (Pa. 1963).  There, the Supreme Court of
Pennsylvania decided on the test for determining in what
instances a police officer is entitled to procedural protections
from suspension and removal under the Police Tenure Act.  Id. at
174.  The court held that under the Act, a "regular full[-]time

police officer" need not actually work full-time, that is, forty hours a week, in order to be provided such protections.  Id. Procedural protections are not limited to full-time officers because the "limited budget of most second class townships must necessarily result in limited hours of employment of its police officers."  Id.  Nonetheless, such police officers must perform regular police functions and be available for full employment. Id.  As the Supreme Court has explained, "[t]he test to be imposed [] is not the number of days, length of hours, or terms of employment but rather whether or not the duties were such that he was 'available for full employment,' that is on call at any and all times."  Id.

        In DeForte v. Borough of Worthington, two police officers alleged in a lawsuit brought in the Western District of Pennsylvania that the defendant borough had violated their procedural due process rights[2] when it terminated them.  The

_____

2.   In this action, plaintiffs asserted that such rights were created under either the Pennsylvania Borough Code or the Police Tenure Act.  Civ. A. No. 13-356, 2023 WL 2726704, at *13 (W.D. Pa. Mar. 31, 2023).  Initially, the district court granted summary judgment in favor of the borough.  It reasoned that while the Borough Code applied, it did not provide procedural protections to the plaintiffs as part time police officers.  See Deforte, 212 A.3d at 1021.  Plaintiffs appealed to our Court of Appeals, which then certified a question of statutory interpretation to the Pennsylvania Supreme Court:

            Whether, under Pennsylvania law, [] the
            Pennsylvania Borough Code and the Police
            Tenure Act must be read in pari materia,
            such that every legally authorized police
            force in Pennsylvania fall[s] under the

officers had worked part-time for the defendant borough as well as several other municipalities.  In one instance, the defendant borough and another municipality were sixty miles apart.  The court held that because of distance the officers could not be "available and on call to serve the Borough at all times," regardless of the borough's expectations of their availability. 2024 WL 1693863, at *20, aff'd sub nom, Townsend v. Borough of Worthington, No. 23-1772, 2024 WL 1693863 (3d Cir. Apr. 19, 2024).  Therefore, the officers had no property right in their jobs and were not entitled to procedural due process protections under the Police Tenure Act.

To determine if plaintiff has a property interest under the Borough Code, the court must consider whether there is any evidence that she performed the same police work as full-time officers and is "available for full employment."  While working, plaintiff discharged typical patrolman duties, such as general police community awareness and traffic enforcement.  She

governance of one of those two state
statutes . . . .

Id. at 162.  The Supreme Court determined that the two statutes were to be read in pari materia.  Id. at 167-68.  Our Court of Appeals thereafter vacated the decision of the district court and remanded the action for further proceedings.  Deforte v. Borough of Worthington, 776 F. App'x 81 (3d Cir. 2019).  Upon remand, the district court determined that the Police Tenure Act applied because the Borough police force only had two members. Deforte, 2023 WL 2726704, at *22.

also had to meet identical training requirements as full-time officers.

Although her hours with the Department varied, she typically worked four hours per week and never more than twelve hours in one week.  Her police department timesheets show that she was on duty during the week about once or twice each month and attended court during work hours approximately once every other month.

As noted above, in addition to her part-time job with the West Conshohocken Police Department, plaintiff had a full-time position as a pharmaceutical salesperson.  In that position, her hours were from 9 a.m. to 5 p.m. on weekdays. Plaintiff concedes that she was typically unavailable to take policing shifts while she was busy doing her sales job.

From June 2019 until the date she was terminated, plaintiff was responsible in that job for geographic sales areas in at least parts of Delaware, New Jersey, and Pennsylvania. Since March 2022, her responsibilities required her to travel to Red Bank, in northern New Jersey and to Cape May, in southern New Jersey.  Red Bank is an approximately eighty-five mile drive from West Conshohocken, Pennsylvania, while Cape May is an approximately one-hundred-mile drive.  No reasonable jury could find based on the present record that she could be on call at all times for duty as a part-time police officer in West

Conshohocken when she had full-time obligations in
pharmaceutical sales to make trips to Red Bank and Cape May,
among other places.  There is simply no evidence that she had a
property interest in her position as a part-time police officer
under the Borough Code.

Plaintiff also relies on the Borough of West
Conshohocken Code of Ordinances to establish a property interest
in her continued employment as a part-time police officer.  The
Borough also argues that, like the Pennsylvania Borough Code,
this ordinance does not create a property interest in continued
employment for plaintiff.  Chapter 8 of the Code of Ordinances
identifies certain notice requirements for police officers who
are being suspended terminated or reduced in rank.  The
ordinance defines police officers as individuals with "an entry
level sworn full-time position in the Police Department."
Borough of West Conshohocken, Pa., Code of Ordinances, § 8-1
(2013).  The ordinance states:

> Whenever a <u>police officer</u> is suspended
> without pay, removed or reduced in rank, the
> specific charges warranting such actions
> shall be stated in writing by Borough
> Council. The charges shall be stated clearly
> and in sufficient detail to enable the
> officer to understand the charges and to
> allow the officer an opportunity to respond
> to those charges.  The charges shall specify
> the subsection of § 8-40 which provides the
> basis for the disciplinary action as well as
> an explanation of the factual circumstances
> upon which the appointing authority relied
> in finding a violation of § 8-40.

Id. at § 8-42 (emphasis added).  Although plaintiff is an entry level, sworn officer, she is not full-time.  As a part-time officer she is not covered by the protections outlined in the ordinance.  Therefore, plaintiff cannot establish that she has a property interest in continued employment under the Borough of West Conshohocken Code of Ordinances.

Plaintiff has come forward with no evidence that she can establish a property interest in continued employment as a part-time police officer under either the Pennsylvania Borough Code or the Borough of West Conshohocken Code of Ordinances.  Accordingly, the motion of the Borough of West Conshohocken for summary judgment will be granted.